UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

OSSIE LEE SLAUGHTER,

      Plaintiff,

v.

KING COUNTY,

      Defendant.

Case No. C05-1692-JCC-JPD

REPORT AND RECOMMENDATION

## INTRODUCTION AND SUMMARY CONCLUSION

This is a *pro se* civil rights action under 42 U.S.C. § 1983. This matter is now before the Court on plaintiff's motion for preliminary injunctive relief. This Court, having reviewed plaintiff's motion, and the balance of the record, concludes that plaintiff's motion for preliminary injunctive relief should be denied.

## DISCUSSION

The basic function of a preliminary injunction is to preserve the *status quo ante litem* pending a determination of the action on the merits. *Los Angeles Memorial Coliseum Com'n v. National Football League*, 634 F.2d 1197, 1200 (9th Cir. 1980). A party seeking a preliminary injunction must fulfill one of two standards, the "traditional" or the "alternative." *Cassim v. Bowen*, 824 F.2d 791, 795 (9th Cir. 1987).

Under the traditional standard, a court may issue preliminary relief if it finds that (1) the moving party will suffer irreparable injury if the relief is denied; (2) the moving party will

REPORT AND RECOMMENDATION
PAGE - 1

probably prevail on the merits; (3) the balance of potential harm favors the moving party; and (4) the public interest favors granting relief. . . . Under the alternative standard, the moving party may meet its burden by demonstrating either (1) a combination of probable success and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor.

*Cassim v. Bowen*, 824 F.2d at 795 (citations omitted).

The standards "are not discrete tests, but are instead 'outer reaches of a single continuum.'" *Pratt v. Rowland*, 65 F.3d 802, 805 (9th Cir. 1995) (citing *Chalk v. United States Dist. Ct.*, 840 F.2d 701, 704 (9th Cir. 1988)). To obtain injunctive relief under either standard the moving party must demonstrate exposure to irreparable harm absent the requested judicial intervention. *Caribbean Marine Services Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988). Speculative injury does not constitute irreparable injury sufficient to warrant granting preliminary relief. *Id.* Rather, "a plaintiff must *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive relief." *Id.* (emphasis in original).

Plaintiff asserts in his civil rights complaint that he was denied adequate medical care during the course of his incarceration at the King County Regional Justice Center in 2004 and 2005. King County is the lone remaining defendant in this action.

Plaintiff asserts in his motion for injunctive relief that the Washington State Penitentiary ("WSP"), the Airway Heights Corrections Center ("AHCC"), and staff at these two institutions, have refused to transfer all of plaintiff's legal materials from his former place of incarceration, WSP, to his current place of incarceration, AHCC. Plaintiff also asserts that he has been denied access to the law library. Plaintiff seeks an order directing that five boxes of property that remain at WSP be sent to him at AHCC. He also seeks an order restraining staff at WSP from searching or seizing his boxes of property, and restraining staff at AHCC from obstructing his right of access to the courts and to the law library. However, because neither the institutions nor the individuals identified by plaintiff in his motion for injunctive relief is a party to this action, this Court has no jurisdiction to enjoin the conduct of those institutions or individuals.

REPORT AND RECOMMENDATION
PAGE - 2

Moreover, plaintiff makes no showing that he will suffer irreparable harm absent court intervention. Plaintiff asserts that he is unable to litigate this action without the boxes that are being withheld from him. However, a review of the documentation submitted by plaintiff in support of his motion for preliminary injunctive relief suggests that the boxes of materials that are being withheld do not contain papers necessary for plaintiff to litigate this action. Specifically, plaintiff has provided letters from an administrative program manager at WSP which indicate that the boxes plaintiff is complaining about do not contain documents relevant to his legal cases but instead contain legal reference materials, hygiene and store items, and personal paperwork. (*See* Dkt. No. 61-2 at 2-3.) Plaintiff simply offers no evidence that he is being denied access to legal documents necessary to litigate this action.

## CONCLUSION

For the reasons set forth above, this Court recommends that plaintiff's motion for preliminary injunctive relief be denied. A proposed order accompanies this Report and Recommendation.

DATED this 22nd day of April, 2008.

*/s/ James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge